IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Dale Wineberger
Danielle Wineberger

    Debtor(s).
_____/

Case No: 8:19-bk-00381-MGW
Chapter 7

MOTION TO SELL REAL PROPERTY
FREE AND CLEAR OF ALL LIENS AND INTERESTS, PAY
SECURED CREDITOR(S), INTERESTED PARTIES AND TRANSACTIONAL COSTS
(12360 Straight Street, Brooksville, FL 34614)

COMES NOW Angela Welch, Chapter 7 Trustee, by and through her undersigned counsel, and hereby moves for authority to sell certain improved real property free and clear of all liens, to pay secured creditors, pay interested parties, pay transactional costs, and in support thereof states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. §§ 105, 363(b) and Federal Rules of Bankruptcy Procedure 2002 and 6004.

**BACKGROUND**

4. On January 16, 2019, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Angela Welch was appointed Chapter 7 trustee (the "Trustee").

6. The Debtor owns real property, by virtue of a deed, located at 12360 Straight Street, Brooksville, FL 34614, more particularly known as:

The West 1/2 of the South 1335 feet of the East 1/2 of the East 1/2 of the Southeast 1/4 of Section 33, Township 21 South, Range 18 East, Hernando County, Florida; LESS the North 1001.25 feet thereof. TOGETHER WITH that certain 2001 SPRI Double Wide Home Home ID #GAFL134A74357SL21 and #GAFL134B74357SL21 located thereon.

(the "Property").

7. The Trustee completed a title search and found that the Property is encumbered by a mortgage lien. By priority, but not including any outstanding property taxes or municipal liens, the Property is clouded as follows:

   a. a Mortgage in favor of American Equity Mortgage, Inc. recorded in Official Records Book 3317, Page 4731 on December 18, 2015, which was subsequently assigned by virtue of Assignment(s) of Mortgage recorded in Official Records Book 3712, Page 0783, in the Public Records of Hernando County, Florida, to Nationstar Mortgage d/b/a/ Mr. Cooper (the "Secured Creditor" or "Mr. Cooper");

   b. a judgment lien in favor of Portfolio Recovery Associates, LLC (hereinafter, "PRA") recorded on October 5, 2018 in Official Records Book 3630, Page 257, in the Public Records of Hernando County, Florida.

8. The Trustee has accepted an offer from Cody Ray Smith (the Buyer(s)) to purchase the Property for the gross sale price $ 105,500.00 (which includes a 11 U.S.C. § 506(c) surcharge (or, "carve out") of $7,500.00, subject to the approval of the Secured Creditor and the court, as payment in full. The Trustee believes it is a fair offer for the current economy, the condition of the Property, and the length of time the Property has remained on the market.

9. Any current real property taxes will be paid prorated.

10. The gross sale price of $ 105,500.00, net the closing costs is estimated to be enough to satisfy the outstanding lien in favor of Mr. Cooper, as agreed to by the Mr. Cooper, that encumbers the property and net the estate at least $ 7,500.00. The Trustee has attached a "DRAFT" Disbursement Statement that outlines the estimated distribution of the sale proceeds at closing.

11. The Trustee has not obtained the express approval of the junior lienholder, PRA.

12. The trustee believes and avers that the lien in favor of Mr. Cooper is in excess of $88,584.15, and that net the closing costs, there would not be enough to pay any portion of the junior lien. The Property does not have enough value to protect PRA. Accordingly, the Trustee proposes no sale proceeds to be allocated to PRA and that the Property be sold free and clear of PRA's lien. Further, PRA has filed unsecured claim in this case for the total amount of the purported judgment lien. The Trustee therefore intends to treat PRA's judgment lien as an unsecured claim. To that end, by service of the instant motion, the Trustee invites PRA to file an objection or other responsive paper if PRA does not consent to the treatment in this motion.

### **AUTHORITY TO SELL**

13. Pursuant to § 363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business. Additionally, pursuant to § 363(f) of the Bankruptcy Code, the trustee may sell property free and clear of any interest in such property of an entity other than the estate if (i) permitted under applicable non-bankruptcy law, (ii) the party asserting such interest consents, (iii) the interest is a lien and the purchase price of the property is greater than the aggregate amount of all liens on the property, (iv) the interest is subject of a bona fide

dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

14. Section 363(f) of the Bankruptcy Code is stated in the disjunctive. Thus, it is only necessary for the Trustee to satisfy one of the five conditions of § 363(f). Nonetheless, the sale proposed by the Trustee satisfies §§ 363(f)(2), and (5).

15. The Trustee avers that she shall satisfy section 363(f) (2) insofar as recorded lien holder, Mr. Cooper, has consented to the proposed sale of the property and absent an objection from PRA she should then be authorized to sell the Property free and clear of all liens, claims, encumbrances and interests under section 363(f) (2).

16. The Trustee also avers that given the value of the Property and amounts owed to Mr. Cooper, that any lien junior to the Mr. Cooper lien, asserted by any party, including the PRA lien, could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest, thus, under § 363(f)(5), the sale should be approved.

17. Accordingly, under either § 363(f) (2) or (5), the Trustee should be authorized to sell the Property free and clear of all liens, claims, encumbrances and interests.

18. The Buyer is a disinterested party, the Trustee finds him to be acting in good faith, and he should be afforded the protections under Section 363(m).

## **CONCLUSION**

19. The Trustee, in the exercise of her business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this motion serves the best interest of all interested parties, including the secured creditors. The Buyer has agreed, subject to

Court approval, to pay to the Trustee the gross sum of $ 105,500.00 in exchange for estate's interest in the Property.

WHEREFORE, the Trustee moves for the entry of an order:

A. Authorizing the sale of the Property and,

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the estate's interest in the Property including without limitation, executing a deed conveying the interests of the Debtor to the Buyer;

C. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets (b) any outstanding Home Owner's Association fee or assessment arrearages; and (c) other anticipated closing costs:

```
Total Sales/Brokers Commission:
6% of base sale price to Ashton Realty Group              $ 6,300.00*
*this commission is intended to be shared with a cooperating agent.
Title Charges:                                            $ 1,550.00
Government recording / transfer charges:                  $ 802.70
Satisfaction of Liens:
     Mr. Cooper Mortgage                                  $ 87,765.00
Municipal Lien Search Fee to Clerk of Circuit Court       $ 350.00
Misc. (Outstanding Utilities, HOA Estoppel / Delinquencies) $ 100.00**
```
** these amounts represent estimations. The Trustee seeks authority to pay the outstanding utilities and HOA charges, if any, in full and with the consent of all lienholders.

The above anticipated closing costs and taxes are subject to per diem charges, changes in prorations, and otherwise represent approximate amounts. The Trustee seeks authority to pay these

amounts, or their reasonable equivalent amounts, to the respective payees depending on the subjective per diem alteration;

D. Determining that the Buyers have not assumed any liabilities of the Debtor;

E. Determining that the Buyers are approved as buyers in good faith in accordance with Section 363(m) of the Bankruptcy Code, and that the Buyers are entitled to all protections of Section 363(m) of the Bankruptcy Code, and

F. Granting the Trustee such other and further relief as is just and proper.

Respectfully submitted,

/s/ Richard M. Dauval, Esquire
Richard M. Dauval, Esq.
Leavengood, Dauval, & Boyle, P.A.
3900 1st Street North, Suite 100
Saint Petersburg, FL 33703
727-327-3328 x303

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by U.S. Mail and/or electronic delivery to:
Chapter 7 Trustee, Angela Welch, Chapter 7 Trustee
United States Trustee, ustp.region21.ecf@usdoj.gov
Gina Rosato, Esq., gina@lawgina.com
Mr. Cooper c/o Christopher P. Salamone, Esquire, csalamone@rasflaw.com
Portfolio Recovery Associates, LLC c/o Registered Agent, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525 (via certified mail)
Dale and Danielle Wineberger, 3363 Chadwick Ave., Spring Hill, FL 34609

and all parties of interest that have filed a proof of claim in this case or filed a notice of appearance pursuant to Rule 2002-1(c) on this October 9, 2019.

/s/ Richard M. Dauval, Esquire
Richard M. Dauval, Esq.